# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **NCR CORPORATION,** | : | |
| Plaintiff, | : | Case No. 3:08-CV-00074 |
| v. | : | Judge Rose |
| **DIANE WARNER** | : | |
| Defendant. | : | |

### ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. #3)

This matter comes before the Court on Plaintiff's motion for entry of a temporary restraining order. (Doc. 3). The Court held telephone conferences on Plaintiff's motion on March 5, 2008, at approximately 11:00 a.m. Eastern time, and March 7, 2008 at approximately 2:00 p.m. Eastern time. Defendant Diane Warner received notice of Plaintiff's motion on March 4, 2008, and participated in the telephone conferences through counsel.

The Court, having considered the documents submitted, having heard argument of Counsel and having considered the appropriate factors, hereby grants in part and overrules in part Plaintiff's Motion for a Temporary Restraining Order. Following are the terms of the Temporary Restraining Order[1]:

1. Warner shall not use, publish, or otherwise distribute to any person or entity other than NCR any confidential information and/or trade secrets of NCR.

---

[1] The Parties have agreed to terms One through Nine. Terms Ten through Twelve are as determined by the Court.

2. Warner shall return to NCR, to the extent she has such materials, all electronic storage devices (including disks and diskettes) in her possession, custody or control, which either: 1) were attached to her NCR computer at any time during 2007 or 2008; or which 2) contain any NCR confidential information or trade secrets, including thumb devices or any other external storage device used for electronically stored information.  To the extent Warner has such materials, the materials shall be delivered to counsel for NCR on or before Friday, March 14, 2008.

3. To the extent she has such materials, Warner shall preserve all NCR confidential information or trade secrets in her possession, custody or control, including within any personal computer(s) or other computer(s), personal digital assistant or mobile telephone, including any information stored on backup media.

4. Warner shall preserve all documents in her possession regarding her employment with NCR, the termination of that employment, and/or recruiting by and her employment with HP.

5. Warner shall preserve all e-mails under her control related to her employment with NCR, the termination of that employment, and/or recruiting by and her new employment with HP.

6. Warner shall immediately return to NCR all originals, copies or other reproductions, in any form whatsoever, of any NCR confidential information and/or trade secrets, including but not limited to documents that bear the name or trademarks of NCR, but excluding standard materials distributed widely to employees or groups of employees of NCR, or distributed widely to NCR customers, prospective customers, shareholders, the media, or the public, and not marked as confidential, such as newsletters, benefits summaries, annual and quarterly reports, press releases, and publicly-released sales literature.  In addition, notwithstanding this paragraph, Warner may keep originals or copies of documents relating to her compensation, benefits, job duties, schedule, hours worked, employee handbooks distributed to her, and any evaluations of her work at NCR.

7. Warner does not waive any defenses, or objections to, including without limitation, venue, jurisdiction, choice of law, any claims, or to enforcement of the alleged arbitration agreement.

8. The parties are permitted to engage in discovery on an expedited basis in preparation for the hearing on Plaintiff's motion; and the schedule for, and limitations upon, such expedited discovery shall be addressed in a separate Order if the parties are unable to mutually agree upon the terms for expedited discovery.

9. Warner shall not directly or indirectly solicit for hire, or hire, any employee of NCR, or any former employee who was employed by NCR at any time from January 15, 2007, through January 14, 2008.

10. Warner is immediately restrained and enjoined from working for Hewlett Packard Company ("HP") in any position that involves the development, manufacture, marketing, sale, advertising or servicing of any product, process, system or service manufactured, sold, serviced or otherwise provided by NCR to its customers and upon which Warner worked or in which she participated during the last two years of her NCR employment.

11. Warner is immediately restrained from soliciting the business of any firm or company with which she worked during the last two years of her NCR employment including customers of NCR.

12. Warner may continue her employment with HP, subject to the restrictions contained herein.

Plaintiff's motion for a preliminary injunction is set for hearing beginning at 9:00 a.m. on Thursday, March 13, 2008, at Courtroom #2, Federal Building, 200 West Second Street, Dayton, Ohio.

**DONE** and **ORDERED** in Dayton, Ohio, this Seventh day of March, 2008.

                                                        **s/Thomas M. Rose**

                                        _____
                                            THOMAS M. ROSE
                                  UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record